■ MARIA M. GRAU, as Administratrix of the Estate of FRANK W. GRAU, Deceased, Appellant, v. VILLAGE OF LYNBROOK et al., Respondents.—In an action to recover damages for personal injuries, the appeal is from a judgment dismissing the complaint at the close of the plaintiff's case. Plaintiff's intestate was alleged to have been injured when he fell on an accumulation of snow and ice on the sidewalk of a bus stop while alighting from a bus. Judgment unanimously affirmed, without costs. No opinion. Present — Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ ANNE HERSH, Respondent, v. HERBERT HERSH, Appellant.— In an action by a wife for a judgment declaring invalid a Mexican divorce decree obtained by her husband, and that she is his lawful wife, for a separation on the grounds of cruelty and abandonment, and for other relief, the husband appeals, as limited by his brief, from so much of the judgment entered after trial before an Official Referee as (1) granted the wife a separation on the ground of cruel and inhuman treatment, (2) awarded the wife custody of their child with rights of visitation to appellant, and (3) directed appellant to

make payments of alimony and a counsel fee. Respondent and appellant were married in 1940 and have a son now 14 years old. In an action for separation brought by the husband, in which the wife counterclaimed for a separation, relief was denied to both parties by a judgment of the Supreme Court, Kings County, dated December 29, 1949. By this judgment the husband was directed to pay $15 a week for the support of the child. A motion by the wife to amend the judgment was denied on November 17, 1950. The parties have been living apart by consent since 1950. By order of the Domestic Relations Court of the City of New York the husband has been contributing towards the wife's support. In September, 1955 the husband obtained a Mexican decree of divorce, in which action the wife was not served and in which she did not appear. Thereupon, the wife commenced the instant action. Judgment modified on the law and the facts by striking therefrom the third, fourth and fifth ordering paragraphs. As so modified, judgment insofar as appealed from affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. The mere obtaining of the Mexican divorce decree upon which respondent solely relied, under the circumstances herein, did not constitute cruel and inhuman treatment justifying a judgment of separation in her favor. There was no other competent proof submitted by respondent warranting a finding of cruel and inhuman treatment. Neither was any abandonment proven, as the parties had been living apart by mutual consent since 1950. Nolan, P. J., Beldock, Ughetta and Hallinan, JJ., concur; Wenzel, J., dissents and votes to affirm the judgment, without modification, with the following memorandum: An action by a husband seeking to bring to an end the marital status should be a sufficient occasion for an action for a formal separation by the wife without allegation or proof that she was so physically or mentally affected as seriously to impair her health. If the defendant spouse in the divorce action still has sentimental or religious attachment to the marriage, the institution of the action may indeed be a cruel attack upon her sensibilities. Further, the reference to a woman as one who has been divorced by her husband is not complimentary, a divorce being necessarily founded on judicially determined misconduct on her part under the law of the forum where the action was instituted. Here respondent was put to the necessity of bringing an action to have a Mexican divorce decree declared a nullity and to re-establish her status and rights as a wife. A judgment of separation was properly given to respondent on this issue.